**UNITED STATES of America,**
**Plaintiff,**

v.

**Zdzislaw LEKARCZYK, a/k/a**
**Wladyslaw Stanczyk,**
**Defendant.**

**No. 04–C–209–C.**

United States District Court,
W.D. Wisconsin.

Jan. 31, 2005.

Richard D. Humphrey, Madison, WI, for Plaintiff.

Justin R. Burton, Jeffrey A. Kriezelman & Associates, Chicago, IL, for Defendant.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action plaintiff United States of America seeks to revoke and set aside the order of naturalization of defendant

Zdzislaw Lekarczyk and cancel his certificate of naturalization, No. 21328189. According to plaintiff, defendant's naturalization was procured illegally and must be revoked pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1451(a); 8 C.F.R. § 316.10(b)(3)(iii) and 8 U.S.C. § 1101(f). Jurisdiction is present under 28 U.S.C. § 1345.

Presently before the court is plaintiff's motion for summary judgment on Count III of the amended complaint, in which plaintiff alleges that defendant committed unlawful acts that adversely reflected on his moral character during the period of time that the Immigration and Nationality Act, 8 U.S.C. § 1427(a), required defendant to be a person of good moral character. (Counts I and II of the amended complaint seek to revoke defendant's United States citizenship because of alleged false testimony and wilful misrepresentation by defendant.) Plaintiff argues that because defendant committed these unlawful acts, defendant was ineligible for naturalization and therefore this court must revoke his United States citizenship and cancel his certificate of naturalization. Defendant admits to committing the crimes of bank fraud, forgery-uttering and bail jumping during the critical statutory period for naturalization. I find that these crimes constitute unlawful acts and that defendant's commission of them during the statutory period bars a finding that he is a person of good moral character. I conclude, therefore, that plaintiff procured his American citizenship illegally. As a result, I must grant plaintiff's motion for summary judgment and revoke defendant's United States citizenship and all the rights and privileges attached to it. Granting summary judgment on Count III of the amended complaint disposes of the entire case, as each count seeks the revocation of defendant's citizenship under 8 U.S.C. § 1451(a).

From the parties' proposed findings of fact and the record, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Defendant Zdzislaw Lekarczyk, also known as Wladyslaw Stanczyk, is a native of Poland. At the time plaintiff United States of America filed this case, defendant resided at the Oakhill Correctional Institution in Oregon, Wisconsin.

On January 21, 1990, defendant became a lawful permanent resident alien of the United States. On March 18, 1995, defendant filed an application for naturalization, INS Form N–400. On June 18, 1996, the Immigration and Naturalization Service approved the application. On July 9, 1996, defendant took the oath of allegiance, was sworn in as a naturalized citizen of the United States and was issued certificate of naturalization number 21328180.

On March 24, 1994, defendant was arrested in Milwaukee, Wisconsin, and charged with committing the felony offense of forgery-uttering, in violation of Wis. Stats. §§ 943.38(2) and 939.05. Upon arrest, defendant used the name Wladyslaw Stanczyk and a date of birth of July 16, 1940. Defendant's true name is Zdzislaw Lekarczyk and his true date of birth is June 21, 1951. Defendant was booked into the Milwaukee County jail on March 24, 1994 and released on bond on March 31, 1994. He failed to appear in court for a preliminary hearing on April 7, 1994. On April 12, 1994, a complaint was issued against him for bail jumping, a felony, in violation of Wis. Stat. § 946.49(1)(b). On June 10, 2003, defendant was arrested on warrants issued in 1994 for forgery-uttering and bail jumping. On September 8, 2003, defendant was convicted on both charges and sentenced to prison for concurrent terms of two years on each count.

In addition to the state law convictions, defendant was arrested on charges of bank fraud on April 25, 2002 in violation of 18 U.S.C. § 1344. The bank fraud indictment against defendant alleges that from September 1992 through September 1997, he knowingly devised and participated in a scheme to defraud numerous banks that were insured by the Federal Deposit Insurance Corporation. On December 18, 2002, defendant pleaded guilty to bank fraud and admitted that he committed various acts between September 1992 and September 1997 to defraud at least 15 banks and to obtain a total of $386,280 from them. On April 10, 2003, the United States District Court for the Northern District of Illinois sentenced defendant to 15 months in prison plus 3 years of supervised release and ordered him to pay $386,280.29 as restitution. The offense of bank fraud in violation of 18 U.S.C. § 1344 and the offense of forgery-uttering in violation of Wis. Stats. § 943.38(2) are crimes involving moral turpitude.

## OPINION

A person wishing to obtain United States citizenship under 8 U.S.C. § 1427(a) must show good moral character during the five-year period preceding application for naturalization through the time of admission to citizenship. Unless the applicant for naturalization can establish extenuating circumstances, he shall be found to lack good moral character if, during the statutory period, he committed unlawful acts that reflect adversely upon his moral character, or was convicted or imprisoned for such acts. 8 C.F.R. § 316.10(b)(3)(iii). Furthermore, "[i]t shall be the duty of the United States attorneys ... to institute proceedings in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and

canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured." 8 U.S.C. § 1451. "A naturalized citizen's failure to comply with the statutory prerequisites for naturalization renders his certificate of citizenship revocable as 'illegally procured' under 8 U.S.C. § 1451(a)." *Fedorenko v. United States,* 449 U.S. 490, 514, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981).

Because defendant filed his application for naturalization on March 18, 1995 and took the oath of allegiance to become a United States citizen on July 9, 1996, the statute required him to be a person of good moral character from March 18, 1990 to July 9, 1996. Plaintiff argues that because defendant committed three unlawful acts during this time and he has not adduced any evidence of extenuating circumstances that would mitigate the effect of defendant's criminal conduct on his good moral character, defendant failed to establish good moral character. As a result, plaintiff contends, defendant was ineligible for naturalization under 8 U.S.C. § 1427(a)(3).

Defendant argues that plaintiff fails to meet its heavy burden to revoke defendant's citizenship because: 1) it is not clear that the offenses he committed between March 18, 1990 to July 9, 1996 were "unlawful acts" as contemplated by 8 C.F.R. § 316.10(b)(3)(iii); 2) plaintiff failed to adduce evidence showing that there were no extenuating circumstances to mitigate the effect of defendant's criminal conduct on his good moral character; and 3) defendant was not arrested or convicted of the three felonies until *after* he became a citizen. Furthermore, defendant contends that immigration officers exercised their discretion improperly when determining what constituted good moral character in his case; because defendant's crimes do not fall within a specific statutory excep-

tion to good moral character under 8 U.S.C. § 1101(f), defendant's citizenship was not procured illegally.

■ Defendant is correct that plaintiff has a heavy burden of proof. "[T]he right to acquire American citizenship is a precious one and ... once citizenship has been acquired, its loss can have severe and unsettling consequences." *Fedorenko*, 449 U.S. at 505, 101 S.Ct. 737. "For these reasons, we have held that the Government 'carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship.'" *Id.* (noting that evidence justifying revocation of citizenship must be clear, unequivocal and convincing). However, it is undisputed that the actions that led to defendant's felony convictions constitute "unlawful acts" that reflect adversely upon his moral character. In addition, "[a] fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). *Webster's New World College Dictionary* 1564 (4th ed.2001) defines "unlawful" as "against the law; illegal" or "against moral or ethical standards." The mere fact that bank fraud, forgery-uttering and bail jumping are crimes makes commission of those acts illegal.

■ As to defendant's second argument, it is not plaintiff's burden to show whether defendant faced extenuating circumstances during the time that he committed the three felonies at issue. 8 C.F.R. § 316.10(b)(3) imposes the burden on defendant (the applicant) to show extenuating circumstances. Only defendant knows whether he faced extenuating circumstances during the time the statute required him to establish good moral character. Because defendant failed to submit any evidence of such circumstances and because he admits to committing unlawful

acts within the five-year time period preceding his application for naturalization, I conclude that he lacked good moral character, as required by 8 U.S.C. § 1427(a).

■ It is inconsequential that defendant was not arrested or convicted of bank fraud, bail jumping and forgery-uttering until *after* he became a citizen. As noted earlier, an applicant's failure to comply with statutory prerequisites for naturalization renders his certificate of citizenship revocable as "'illegally procured' under 8 U.S.C. § 1451(a)." *Fedorenko*, 449 U.S. at 514, 101 S.Ct. 737. A statutory prerequisite for naturalization is the possession of good moral character during the five years preceding one's application for citizenship and the time of taking the oath of allegiance and becoming a citizen. 8 U.S.C. § 1427(a). The statute lists some exceptions to good moral character, such as being a habitual drunkard, a gambler or one who has been convicted of an aggravated felony. 8 U.S.C. § 1101(f). However, this list is not exhaustive. *Id.* ("The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character.").

■■ The Immigration and Naturalization Service published regulations that further define "lack of good moral character," which includes failing to support dependents, having an extramarital affair or committing "unlawful" acts during the statutory period. 8 C.F.R. § 316.10(3). This regulation is entitled to deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or

manifestly contrary to the statute."); *see also U.S. v. Lionel Jean–Baptiste,* 395 F.3d 1190, 1193 (11th Cir.2005) (giving deference to 8 C.F.R. § 316.10, a regulation based on "catch-all" provision of 8 U.S.C. § 1101(f). Because the regulation contemplates the *commission* of unlawful acts as evidence of a lack of good moral character and because defendant admits to committing unlawful acts during the statutory period, defendant's citizenship was procured illegally. *Jean–Baptiste,* at 1193 (finding *commission* of crime, in contrast to *conviction,* negates good character during critical statutory period).

■ Defendant argues that immigration officers abused their discretion under the catch-all provision under 8 U.S.C. § 1101(f) to determine what constitutes good moral character. According to defendant, because bank fraud, forgery-uttering and bail jumping do not fall within a specific statutory exception to good moral character, he procured his citizenship legally. As an example, defendant notes that immigration officers have overlooked other crimes involving moral turpitude, such as retail theft, when deciding whether to allow someone to join the ranks of citizens. Dft.'s Br., dkt. # 30, at 5.

Although it is true that defendant's crimes are not listed specifically under 8 U.S.C. § 1101(f), that list is not exhaustive. 8 C.F.R. § 316.10 allows the Immigration and Naturalization Service to consider the commission of any unlawful act as undermining an applicant's good moral character. It is not relevant that immigration officers have overlooked other crimes such as retail theft. There is no question that the crimes of bank fraud (particularly in the amount of $386,280), bail jumping and forgery-uttering fit within the definition of "unlawful acts." *But see Fedorenko,* 449 U.S. at 517, 101 S.Ct. 737 (courts necessarily and properly exercise discretion in characterizing certain facts while determining whether applicant for citizenship meets requirements for naturalization). Having shown that defendant committed those acts, plaintiff has shown that defendant lacks good moral character. 8 C.F.R. § 316.10(b)(3). "[O]nce a district court determines that the Government has met its burden of proving that a naturalized citizen obtained his citizenship illegally or by willful misrepresentation, it has no discretion to excuse the conduct." *Fedorenko,* 449 U.S. at 517, 101 S.Ct. 737. As a result, I must grant plaintiff's motion for summary judgment.

### ORDER

IT IS ORDERED that

1. Plaintiff United States of America's motion for summary judgment against defendant Zdzislaw Lekarczyk concerning illegal procurement of defendant's United States citizenship is GRANTED;

IT IS FURTHER ORDERED that

2. Defendant's United States citizenship is REVOKED and defendant's certificate of naturalization number 21328180 is CANCELED;

3. Defendant is ENJOINED from claiming any rights, privileges or advantages under any document which evidences United States citizenship obtained as a result of defendant's July 9, 196 naturalization; and

4. Defendant IS ORDERED to surrender and deliver his certificate of naturalization and any copies thereof in his possession, custody or control and any other indicia of United States citizenship to the Attorney General of the United States.

5. The clerk of court is directed to enter judgment in favor of the plaintiff and close this case.